IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00838-PAB-KMT

SEDRICK LATROY McKINNEY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

This matter is before the court on a review of the file and pending motions. It is ORDERED as follows:

    1.    "Plaintiff's Motion to Utilize Depositions and Exhibits from Related Civil Action No. 02-cv-00490-RPM-CBS" (Doc. No. 71); "Plaintiff's Motion to Amend Plaintiff's Proposed Final Pretrial Order with Exhibits" (Doc. No. 76); and "Plaintiff's Motion to Amend Plaintiff's Proposed Final Pretrial Order with Exhibit" (Doc. No. 88) are GRANTED in part. Plaintiff may amend his exhibit list to add the documents and exhibits referred to in the motions. However, this court will not address the admissibility of the exhibits, as District Judge Philip A. Brimmer will address the admissibility at trial.

    2.    "Plaintiff's Request for Expert Witness" (Doc. No. 74) and "Plaintiff's Motion to Amend with Exhibit Plaintiff's Request for Expert Witness" (Doc. No. 80) are DENIED. The

court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. 28 U.S.C. § 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to provide witness fees for a witness the prisoner claims to be essential to his in forma pauperis case. *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983). The court has no more authority to appoint an expert witness at government expense for Plaintiff than it has to require counsel to represent him. As the court stated in *Boring v. Kozakiewicz*, in affirming the district court's refusal to appoint an expert at government expense in a similar case:

> [t]he plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems . . . By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

833 F.2d 468, 474 (3rd Cir. 1987). *See also Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993) (concluding "that there is no statutory authority for a court to commit federal funds to pay for deposition transcripts").

To the extent Plaintiff is seeking appointment of an expert under Fed. R. Evid. 706, a court's authority to make such an appointment is discretionary. *Cestnik v. Federal Bureau of Prisons*, 2003 WL 22969354, *2 (10th Cir. Dec. 18, 2003). "The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Byng v.*

*Campbell*, 2008 WL 4662349 (N.D.N.Y. Oct. 20, 2008). Even though Plaintiff's case involves medical issues, this case is not overly complex or scientific, *see Grady v. Edmonds*, 2008 WL 552845 (D. Colo. Feb. 27, 2008); *Cestnik v. Federal Bureau of Prisons*, 2003 WL 22969354 (10th Cir. Dec. 18, 2003) ("Given the lack of complexity of [plaintiff's] case and his failure to submit any evidence that he was financially unable to retain his own physician, we cannot say the refusal to appoint an expert constituted abuse of discretion."), and plaintiff has not presented compelling circumstances to warrant appointment of an expert at the court's expense. The court is unable to find at this time that appointment of an expert medical witness is warranted pursuant to Rule 706.

3. "Plaintiff's Petition for Writ of Habeas Corpus Subpoena Ad Testificandum and Subpoena Duces Tecum" (Doc. No. 75) and "Plaintiff's Motion for Subpoena for Witness Dr. Gary Boston" (Doc. No. 77) are DENIED as premature. No trial date has been set, and there is a pending motion to dismiss.

4. "Plaintiff's Motion to Review and Preserve for Trial Exhibits from Inmate Richie Hill's Central File" (Doc. No. 81) is DENIED as vague and unintelligible. Plaintiff fails to set forth good cause for relief and fails to set forth the specific relief he seeks. Furthermore, Plaintiff failed to confer with Defendant before filing his motion. The Tenth Circuit has cautioned that pro se litigants "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders."(citing cases)). The Local Rules of Practice for the District of Colorado require all

parties to confer on motions and other disputes before a motion is filed. D.C.Colo.LCivR 7.1A; *see also Visor v. Sprint*, 1997 WL 796989 (D. Colo. 1997).

  4. "Plaintiff's Motion for Order Compelling Disclosure of Trial Exhibits from Inmate Richie Hill's Central File" (Doc. No. 85) is DENIED for failure to confer as is required under the local rule 7.1A and Fed. R. Civ. P. 37.

  5. Finally, the court notes Plaintiff's failure to confer before filing any of the motions addressed in this order. Further motions filed by Plaintiff without conferring with Defendant may be stricken.

  Dated this 24th day of March, 2009.

          **BY THE COURT:**

          Kathleen M. Tafoya
          United States Magistrate Judge