IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07–cv–00838–PAB–KMT


SEDRICK LATROY McKINNEY,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

---

### RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

        This case involves claims that Defendant's employees committed a tort against Plaintiff.

Plaintiff filed his Prisoner Complaint on May 23, 2007.  ([Hereinafter "Compl."] [Doc. No. 5]).

This matter is before the court on "Defendant's Jurisdictional Motion to Dismiss."  ([Hereinafter

"Mot."] [Doc. No. 82] [filed March 3, 2009]).  Plaintiff filed his Response on April 6, 2009.

([Hereinafter "Resp."] [Doc. No. 91]).  Defendant did not file a Reply.  Jurisdiction is premised

upon 28 U.S.C. § 1331 (2007).  This motion is ripe for review and recommendation.

### STATEMENT OF THE CASE

        The following facts are taken from Plaintiff's Amended Prisoner Complaint and the

parties' submissions with respect to this Recommendation.  During the time relevant to this

matter, Plaintiff was a federal inmate incarcerated at the United States Penitentiary in Florence,

Colorado.  (Compl. at 3; Mot. at 1.)  Plaintiff claims that on March 5, 2000, BOP officials housed Plaintiff in a cell with a "psychologically disturbed inmate" known to pose a threat to other inmates.  (Resp. at 10–13; Ex. B.)  Plaintiff states that at this time, he was on administrative detention status and his cell mate, Richie Hill (hereinafter "Hill") was on disciplinary segregation status.  (*Id.*, Ex. B.)  Plaintiff maintains that his cell assignment was in violation of BOP policies that prohibit housing inmates on administrative detention status with those on disciplinary segregation status in the same cell.  (Mot., Ex. 1 at 7.)  Plaintiff states that on March 9, 2000, inmate Hill "seriously assaulted" Plaintiff causing him to suffer injuries resulting in "permanent nerve damage," chronic shoulder and eye injuries, and "severe mental anguish."  (*Id.* at 7, 9–10; Compl. at 8.)  Plaintiff claims that BOP officials breached "their duty of care . . . to provide protection and safekeeping of Plaintiff while he was confined at [the] U.S. Penitentiary [at] Florence," thereby negligently causing Plaintiff's injuries.  (*Id.* at 3.)

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.  Defendant posits that the court lacks subject matter jurisdiction over Plaintiff's claim as it is barred by the two year statute of limitations set by 28 U.S.C. § 2401(b), and the six year statute of limitations in 28 U.S.C. § 2401(a).[1]  (Mot. at 3.)

---

[1] Although Defendant also moves for dismissal under Fed. R. Civ. P. 12(b)(6), Defendant's Motion does not present a Rule 12(b)(6) argument.  Therefore, the court will not address that ground for dismissal.

## LEGAL STANDARDS

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

*2.*     ***Fed. R. Civ. P. 12(b)(1) - Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1) (2007).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that

the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580

(10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only

exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must

dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is

lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule

12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint,

without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d

674, 677 (10th Cir. 1971).  A court's consideration of evidence outside the pleadings, including

affidavits, will not convert the motion to dismiss to a motion for summary judgment under Rule

56.  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  The burden of establishing

subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso*, 495 F.2d at 909.

Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction

to hear his claims.

## LEGAL ANALYSIS

### *1.       Federal Tort Claims Act*

The Federal Tort Claims Act (FTCA) "provides the exclusive avenue to assert a claim

sounding in tort against the United States."  *Franklin Savings Corp., In re*, 385 F.3d 1279, 1286

(10th Cir. 2004) (citing 28 U.S.C.A. § 2679(a) (providing that the FTCA remedy is "exclusive"

for all "claims which are cognizable under section 1346(b)")).  "Under the FTCA's limited

waiver of sovereign immunity, '[a] tort claim against the United States shall be forever barred

unless it is presented in writing to the appropriate Federal agency within two years after such

4

claim accrues . . . ."  *Cannon v. United States*, 338 F.3d 1183, 1184 (10th Cir. 2003) (quoting 28 U.S.C. § 2401(b)).

"Federal law governs the point at which a claim accrues under the FTCA."  *Id.* at 1189 (citing *Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003)).  "In the Tenth Circuit, the general rule for accrual of an FTCA claim outside the medical malpractice context is the 'injury-occurrence rule,'" under which "[a]n FTCA tort claim accrues on the date of the injury's occurrence."  *Id.* at 1190 (citing *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267–68 (10th Cir. 2002)).  Moreover, "[f]ederal court jurisdiction to entertain actions for damages against the United States is prescribed by 28 U.S.C. § 2675(a),"[2] *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992) (citing *Warren v. U.S. Dept. of Interior Bureau of Land Management,* 724 F.2d 776, 780 (9th Cir. 1984)), pursuant to which "[a] claim is deemed presented when a federal agency receives from a claimant 'an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident.'" *D'Addabbo v. United States*, 316 F. App'x 722, 724–25 (10th Cir. 2008) (citing *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994); 28 C.F.R.

---

[2] 28 U.S.C. § 2675(a) provides: An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

§ 14.2(a)).[3]  The statute of limitations embodied by 28 U.S.C. §§ 2401(a)[4] and 2401(b), upon

which the government's waiver of sovereign immunity is conditioned, are jurisdictional.  *Cherry*

*v. U.S. Dept. of Agr.*, 13 F. App'x 886, 891 (10th Cir. 2001) (citing *Cizek*, 953 F.2d at 1233).

Here, Plaintiff claims he suffered injuries as a result of being assaulted by another inmate

on March 9, 2000.  (Compl. at 3.)  Therefore, according to the "injury-occurrence rule,"

Plaintiff's FTCA tort claim accrued on March 9, 2000.  On this basis, pursuant to 28 U.S.C. §

2401(b),[5] Plaintiff's deadline to adequately present his tort claim in writing to the BOP was

March 9, 2002.  Plaintiff attempted to "present" his claim to the BOP at least twice before

commencing the present action.

---

[3] 28 C.F.R. § 14.2(a) provides: For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

[4] 28 U.S.C. § 2401(a) provides: Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

[5] 28 U.S.C. § 2401(b) provides: A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Plaintiff filed a BP-10 Regional Administrative Remedy Appeal (hereinafter "BP-10") in reference to the assault with Bureau of Prisons (hereinafter "BOP") on June 26, 2000, within two years of his claim accruing.[6]  (Mot., Brieschke Decl. at 4–5.)  Therein, Plaintiff alleged that BOP staff had placed his life at risk by housing him in a cell with the psychologically disturbed inmate Hill, while Hill was on disciplinary segregation status and Plaintiff was on administrative detention status.  (Resp., Ex. B.)  The response to Plaintiff's BP-10 acknowledges that he was assaulted by one of his cell mates and states that an investigation into his allegations revealed "no evidence" showing Plaintiff was housed in violation of BOP regulations.  However, the response to Plaintiff's BP-10 also states that Plaintiff had not requested "any remedy," and that, as a result, the BP-10 would be "for informational purposes only."  (*Id.* at 43.)  Although otherwise timely filed, Plaintiff's BP-10 did not contain a claim for money damages in sum certain, and therefore, fails to present his claim to the BOP.

Plaintiff also filed an administrative tort claim.  (Mot., Ex. 1 at 3–14.)  However, it was received on April 17, 2006, or four years after the statute of limitations had run.  (*Id.* at 3.)  *See* 28 C.F.R. § 14.2(b)(1) ("A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency).  Therefore, Plaintiff failed to present his claim within two years of its accrual.  Since there is no indication that Plaintiff filed any other written

---

[6] Plaintiff apparently filed a "BP-8" and "BP-9" as well.  (Mot., Ex. 1 at 4.)  However, Plaintiff's pleadings do not provide their filing or receipt dates, nor what was stated therein.  Therefore, the court will not consider whether Plaintiff satisfied the presentation requirements of 28 U.S.C. § 2675(a) on this basis.  In any event, it appears that the BP-8, BP-9 and BP-10 Regional Administrative Remedy Appeals are part of a federal grievance procedure.

statements that might satisfy the presentation or timing requirements of 28 U.S.C. §§ 2401(b) and 2675(a), the court finds that Plaintiff has failed to adequately present his claim to the BOP within two years after such claim accrued.[7]   Accordingly, Plaintiff's tort claim against the United States will be forever barred pursuant to 28 U.S.C. § 2401(b), unless Plaintiff can show that his claim "accrued" at a later date.

Plaintiff posits that his claim is still viable because the date of its accrual should be delayed under the "discovery rule" or, alternatively, that the statute of limitations should be equitably tolled.[8]   Plaintiff claims that the "Defendant's employees [sic] active or fraudulent concealment of its role in the injury causing event postpones accrual of Plaintiff's claim [because it] stood in Plaintiff's way from discovering [his] . . . cause of action" and it "lulled the Plaintiff into inaction."  (Resp. at 2, 9–10.)  Specifically, Plaintiff points to statements contained in the BOP's response to his BP-10.  (*See id.* at 43.)  Therein, the BOP official states that "[p]rior to you being assaulted, there were no separation concerns with the inmates you were being housed with on March 09, 2000."  (*Id.* at 2, 43.)  The BOP official further states that, "[a]ccording to the

---

[7] Plaintiff filed a section 1983 suit on March 13, 2002 in regards to his assault at the hands of inmate Hill.  *See McKinney v. Laird,* No. 02-CV-00490-RPM-CBS*, 2009 WL 798493 (D.Colo. Mar. 23, 2009).  However, the "filing of a suit does not constitute adequate notice to the federal agency" as required by 28 U.S.C. § 2675(a).  *Cizek*, 953 F.2d at 1234 (10th Cir. 1992) (citing *Henderson v. United States*, 785 F.2d 121, 123–25 & n. 12 (4th Cir. 1986)).  Therefore, Plaintiff's prior section 1983 suit may not serve as a basis for compliance with the administrative exhaustion requirement of 28 U.S.C. § 2675(a).  In any event, Plaintiff section 1983 suit was filed outside the two year statute of limitations.  *See* 28 U.S.C. § 2401(b).

[8] Plaintiff couches this latter argument in terms of "equitable estoppel."  However, the court construes this as an argument seeking to equitably toll the applicable statute of limitations.

Special Housing Unit records, there is no evidence to prove the two of you were being housed together in a cell while you were on administrative detention status and your cell mate was on disciplinary status." (*Id.*)

Plaintiff claims that these statements are refuted by "facts from the newly discovered evidence from inmate Richie Hill's Central file show[ing] that prior to Plaintiff being assault by inmate Richie Hill there *were* separation concerns with inmate Hill and Plaintiff being housed together on March 05–09, 2000." (*Id.* at 2, 10) (emphasis added). Plaintiff claims that "several documents" in inmate Hill's Central File, as well as the December 8, 2008 deposition, show that inmate Hill was on disciplinary segregation status on March 9, 2000, presumably while Plaintiff was his cell mate and was on administrative detention status. (*Id.* at 2, 12–13.)

The crux of Plaintiff argument is that the date his claim accrued should be altered or that the statute of limitations should be equitably tolled because he discovered new evidence that "prove[s] that Plaintiff's personal injuries [were] caused by the Defendant's negligent or wrongful act or omission." (*Id.* at 12, 16.) However, "[a]ccrual need not await 'awareness by the plaintiff that his injury was negligently inflicted.'" *Bradley v. U.S. by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citing *Kubrick*, 444 U.S. at 123). Indeed, absent clear congressional intent, the FTCA limitations period is not subject to equitable tolling. *Pipken v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir. 1991).

Moreover, "[t]he discovery rule, applies only in the 'exceptional case' where a reasonably diligent plaintiff could not immediately know of the injury and its cause." *Cannon*, 338 F.3d at 1190 (citing *Plaza Speedway Inc.*, 311 F.3d at 1268). "For FTCA purposes, '[a]

9

claimant is aware of the injury once . . . apprised of the general nature of the injury." *Id.* "[T]he discovery rule should be applied only when the injury is 'unknowable by its very essence, i.e., its existence at the critical moment simply cannot be ascertained.'" *Dahl v. United States*, 319 F.3d 1226, 1229 (10th Cir. 2003). In this case, Plaintiff's injury was not "unknowable by its very essence," and it cannot be said that its existence at the critical moment simply could not be ascertained. *Id.* Even if the BOP official's statements in response to Plaintiff's BP-10 were misrepresentations, Plaintiff fails to explain, and the court is unable to conceive of, how BOP officials "lulled" the Plaintiff into inaction and prevented him from filing an administrative tort claim within two years of sustaining injuries. Even if Plaintiff somehow was not apprised of the general nature of his physical injury the day it occurred, it is wholly apparent that by June 26, 2000, Plaintiff believed that BOP officials were responsible for his injuries. Even if Plaintiff's claim were to have accrued on June 26, 2000, his April 17, 2006 administrative tort claim would have still be untimely by nearly two years.

As Plaintiff failed to present his tort claim against the United States within the two year statute of limitations, the court finds that Plaintiff's claim is forever barred pursuant to 28 U.S.C. § 2401(b).

Defendant's final argument for dismissal is based on the provision in 28 U.S.C. § 2401(b) which states that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months *after* the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." (Emphasis added.) Defendant mailed the final denial of Plaintiff's April 17, 2006 administrative tort claim on July 19, 2007. (Mot., Ex. 1 at 1.)

10

However, Plaintiff's late filing of the administrative tort claim renders this issue moot, as Plaintiff's tort claim against the United States was forever barred on March 10, 2002, long before Plaintiff filed his administrative tort claim on April 17, 2006.

In any event, 28 U.S.C. § 2401(a) states that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  Plaintiff filed his first Complaint on April 24, 2007.  (Doc. No. 3.)  Thus, even if Plaintiff's claim were not barred under 28 U.S.C. § 2401(b), regardless of whether his right of action accrued on March 9, 2000 or June 26, 2000, his April 24, 2007 Complaint would have been untimely and therefore barred under 28 U.S.C. § 2401(a).

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's Motion to Dismiss (Doc. No. 82) be GRANTED and that this case be dismissed in its entirety, with prejudice.  The court further

ORDERS that "Plaintiff's Motion for Order Compelling Disclosure of Trial Exhibits from Inmate Richie Hill's Central File" (#94, filed May 18, 2009) is DENIED without prejudice, in light of this court's recommendation that the case be dismissed for lack of subject matter jurisdiction, as it goes to the merits of the case.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

12

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,*

*Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

        Dated this 21st day of July, 2009.


**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge

13