IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00838-PAB-KMT

SEDRICK LATROY McKINNEY

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 97], which recommends that the Court grant defendant's Motion to Dismiss [Docket No. 82]. On August 10, 2009, plaintiff filed timely objections [Docket No. 99] to the Recommendation. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation *de novo*. Fed. R. Civ. P. 72(b).

Plaintiff, who at all relevant times was an inmate incarcerated at the United States Penitentiary in Florence, Colorado, brings claims under the Federal Tort Claims Act ("FTCA") alleging that federal prison officials negligently housed him with a mentally disturbed inmate who "seriously assaulted" and permanently injured plaintiff. This injury occurred on March 9, 2000. Defendant moved to dismiss the case on the ground that

the claims fall outside of the FTCA's statute of limitations. The magistrate judge agreed with defendant, finding that because plaintiff did not file an administrative tort claim until 2006, his FTCA claims were untimely under 28 U.S.C. § 2401(b) (tort claims against the United States must be presented to the appropriate federal agency within two years of accrual). The magistrate judge also found that, because plaintiff's complaint was not filed until 2007, any claims would also be barred by 28 U.S.C. § 2401(a) (civil actions against the United States must be filed within six years of accrual).

Plaintiff objects on the ground that the limitations period should be tolled because prison officials concealed the nature of their involvement in housing plaintiff with the mentally disturbed inmate. However, as the magistrate judge correctly noted, claims under the FTCA typically accrue at the time of injury; a plaintiff's knowledge that a defendant negligently inflicted that injury is not necessary to start the limitations clock running. *Cannon v. United States*, 338 F.3d 1183, 1190 (10th Cir. 2003) ("In the Tenth Circuit, the general rule for accrual of an FTCA claim outside the medical malpractice context is the 'injury-occurrence rule.' An FTCA tort claim accrues on the date of the injury's occurrence." (citing *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267-68 (10th Cir. 2002))). Moreover, even assuming plaintiff's claim did not accrue until he suspected that the prison officials were responsible for his injury, *see id.* (noting that the so-called discovery rule "applies only in the 'exceptional case' where a reasonably diligent plaintiff could not immediately know of the injury and its cause. In that instance, an FTCA claim accrues at the time when a reasonably diligent plaintiff

2

would have known of the injury and its cause.") (citations omitted), it is undisputed that plaintiff filed an administrative remedy appeal accusing prison staff of culpability on June 26, 2000.[1] [Docket No. 82-2 at 20.] Plaintiff's administrative tort claim was filed six years later, well outside the two-year period required by 28 U.S.C. § 2401(b). I short, I agree with the magistrate judge's thorough and well reasoned recommendation that plaintiff's claims are untimely and must be dismissed.

Plaintiff also objects to the magistrate judge's denial [Docket No. 98] of his motion to compel disclosure of certain information from another inmate's file [Docket No. 94]. Because this issue involves a nondispositive motion, I review the magistrate judge's order under a deferential standard of review by which plaintiff must demonstrate that the magistrate judge's ruling was "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). This motion was denied in light of the magistrate judge's recommendation that the case be dismissed for lack of jurisdiction [*see* Docket No. 97 at 11]. As I agree with this recommendation, I also affirm the magistrate judge's denial of the motion to compel.

---

[1] Plaintiff does not appear to object to the magistrate judge's conclusion that, because this June 26, 2000 administrative remedy appeal failed to contain a claim for money damages, it was insufficient to qualify as proper "presentation" under § 2401(b). In any event, I agree with this determination. *See* 28 C.F.R. § 14.2(a) ("For purposes of the provisions of 28 U.S.C. 2401(b), . . . a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident . . . .") (emphasis added).

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 97] is ACCEPTED. It is further

**ORDERED** that defendant's jurisdictional motion to dismiss [Docket No. 82] is GRANTED. Judgment shall enter in favor of defendant and against plaintiff on all claims. It is further

**ORDERED** that, in light of this dismissal, the magistrate judge's denial [Docket No. 98] of plaintiff's motion to compel disclosure [Docket No. 94] is AFFIRMED.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge