IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00838-PAB-KMT

SEDRICK LATROY McKINNEY

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on "Plaintiff's Request for Relief from the Judgment and Reconsideration on the Merits of Claims Presented in his Federal Tort Claim Act Action" [Docket No. 102]. On March 2, 2010, the Court accepted [Docket No. 100] the Recommendation of United States Magistrate Judge [Docket No. 97] and granted defendant's Motion to Dismiss [Docket No. 82]. Judgment entered against plaintiff on March 8, 2010 [Docket No. 101]. Plaintiff filed the present motion within twenty eight days of judgment being entered. Therefore, the motion falls under the purview of Federal Rule of Civil Procedure 59(e). A party is justified in bringing such a motion when there has been "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir.

1995)).

Plaintiff claims that this Court, in its March 2 Order, failed to address his argument that defendant's fraudulent concealment tolled the statute of limitations. This Court, however, recognized – and rejected – plaintiff's argument "that the limitations period should be tolled because prison officials concealed the nature of their involvement" in the events described in plaintiff's complaint. Docket No. 100 at 2. Plaintiff has not identified any valid basis for altering or amending the judgment in this matter. Therefore, it is

**ORDERED** that plaintiff's motion to alter or amend judgment [Docket No. 102] is DENIED.

DATED August 18, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge